# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **JEROME R. HODSON,** | : | Case No. 1:07 CV 2085 |
| | : | |
| Plaintiff, | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| | : | |
| **JAVITCH, BLOCK & RATHBONE, LLP,** | : | **ORDER** |
| | : | |
| Defendant. | : | |

This case is before the Court on Defendant Javitch, Block & Rathbone, LLP's ("JB&R") *Motion to Compel Arbitration* (Doc. 6), which was filed on August 2, 2007. The Plaintiff, Jerome R. Hodson ("Hodson") filed a *Brief in Opposition* (Doc. 7) on August 9, 2007, and JB&R filed a *Reply in Support* (Doc. 8) on August 13, 2007. For the reasons more fully articulated below, JB&R's motion to stay proceedings and compel arbitration is **GRANTED**.

## I. BACKGROUND[1]

In 2004, Hodson filled out two separate on-line applications for Capital One credit cards. Capital One issued the credit cards under the cardholder agreements Hodson signed in the course of completing the on-line applications. (*See* Doc. 4, Exhibits A and B, containing copies of the

---

[1] Hodson's Complaint and subsequent filings do not set forth the facts related to the credit card debt at issue. The facts are set forth in JB&R's motion to compel arbitration, Doc. 6, and the exhibits attached thereto. Hodson does not object to JB&R's characterization of the facts, and, therefore, the Court accepts these facts as true for purposes of this Order.

cardholder agreement for each account.) Hodson used the credit cards, and defaulted on his payment obligations under the cardholder agreements in 2005.

Capital One hired JB&R to act as its attorney in pursuing the amount due on each of Hodson's credit card accounts. JB&R filed a lawsuit in Cleveland Municipal Court on June 15, 2006 to collect the amount due and owing on the first account ($2,747.76). On January 9, 2007, the municipal court granted default judgment in favor of Capital One. Hodson's wages were garnished, and $1,112.59 in garnished wages was subsequently forwarded to the municipal court between April and June, 2007. On April 4, 2007, JB&R filed another lawsuit in Cleveland Municipal Court to collect the amount due and owing on the second account ($752.79).

On April 10, 2007, Hodson filed a motion to vacate the default judgment in the first lawsuit because JB&R had filed the lawsuit in the wrong venue.[2] In response, JB&R requested that the municipal court vacate the judgment and release the garnished funds. The municipal court did so in June of 2007. The second lawsuit was also dismissed after Hodson asserted improper venue as an affirmative defense in his answer and JB&R moved to voluntarily dismiss the action.

Hodson filed this action on July 12, 2007, alleging that JB&R violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k, and the Ohio Consumer Sales Practices Act, O.R.C. §§ 1345.02 and 1345.03, by filing lawsuits to collect consumer debts in the wrong venue. In response, JB&R filed its *Answer* (Doc. 4) on July 31, 2007, and this *Motion to Compel Arbitration* (Doc. 6) on August 2, 2007.

---

[2] Hodson lives in the city of Brooklyn, Ohio. (Doc. 7-2, Aff. Of Jerome R. Hodson.) JB&R filed the collections lawsuits in Cleveland, Ohio. It appears that the on-line application form automatically listed Cleveland as Hodson's city of residence when he entered his zip code. Hodson represents, and JB&R does not dispute, that he lived in Brooklyn, Ohio – just across the Cleveland, Ohio border – at all times relevant to his Complaint. (*Id.*)

**II.     DISCUSSION**

  **A.     The Arbitration Clause in the Cardholder Agreement**

The cardholder agreements that Hodson signed in the process of completing the on-line application contain an identical arbitration clause. (Doc. 6 at Exh. A, p. 25-28.) The arbitration clause requires the parties to resolve all disputes related to the cardholder agreement, including disputes over billing and collection, by binding arbitration at the request of either party. Furthermore, the arbitration clause states that Capital One's "successors, assigns, agents, and/or authorized representatives" are entitled to invoke the arbitration clause. (*Id.*)

JB&R argues that it is an "authorized representative" under the plain language of the arbitration clause and is thus entitled to invoke the clause. (Doc. 6 at p. 4.) Hodson does not directly refute this point, but instead argues that (1) the arbitration clause is unconscionable; and (2) JB&R waived its right to arbitrate by filing collections actions on behalf of Capital One in Cleveland Municipal Court. (Doc. 7.)

  **B.     The Federal Arbitration Act**

The Federal Arbitration Act ("FAA") expresses a strong Congressional policy in favor of upholding arbitration agreements. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). The FAA directs courts "to place arbitration agreements on the same footing as other contracts." *Id.* As stated by the Sixth Circuit, "[t]he FAA was designed to override judicial reluctance to enforce arbitration agreements, to relieve court congestion, and to provide parties with a speedier and less costly alternative to litigation." *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000). Moreover, the United States Supreme Court does not view arbitration agreements as a waiver of a substantive right. Indeed, the Supreme Court has "recognized that '[b]y agreeing to arbitrate a statutory claim,

3

a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum.'" *Gilmer*, 500 U.S. at 26 (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)). Therefore, the Court must interpret the arbitration clause in the contract at issue using standard principles of contract interpretation and in light of the strong policy favoring arbitration.

### C. Analysis of JB&R's Motion to Compel Arbitration

When evaluating a motion to compel arbitration, the Court must make the following four threshold determinations:

(1) whether the parties agreed to arbitrate;
(2) whether the claims at issue fall within the scope of the arbitration clause;
(3) whether Congress intended the federal statutory claims at issue to be non-arbitrable; and
(4) whether some or all of the claims in the action are subject to arbitration.

*See Stout*, 228 F.3d at 714. JB&R has satisfied all four of these requirements.

First, the arbitration clause in the cardholder agreements states that "authorized representatives" of Capital One can request binding arbitration. As the law firm Capital One hired to pursue collections actions under the cardholder agreements Hodson signed with Capital One, JB&R is within the ordinary meaning of "authorized representative." Hodson therefore agreed to arbitrate disputes within the scope of the arbitration clause with JB&R as well as with Capital One.

Second, the arbitration clause states that either party may elect to use binding arbitration to resolve any "claim, controversy or dispute of any kind or nature." (Doc. 4, Exh. A at p. 27.) This expressly includes "billing and collections matters relating to your [Hodson's] account." (*Id.*) Because JB&R's conduct in attempting to collect the debt from Hodson is the subject of the claims in this lawsuit, the dispute falls within the scope of the arbitration clause.

4

Third, Congress did not intend FDCPA claims to be non-arbitrable. Courts routinely permit arbitration of such claims. *See, e.g.*, *Leidtke v. Frank*, 437 F. Supp. 2d 696 (N.D. Ohio 2006); *Lamb v. Javitch, Block & Rathbone, L.L.P.*, No. 1:04-cv-520, 2005 WL 4137778, at 3 (S.D. Ohio Jan. 24 2005).

Fourth, *all* of Hodson's claims in this case are subject to arbitration because they are all related to JB&R's conduct in attempting to collect the amount Hodson owed under the Capital One cardholder agreements.

In light of this analysis, JB&R's motion to compel arbitration is well-taken and must be granted unless there is some viable defense to arbitration arising outside the four corners of the arbitration agreement. Hodson contends that there are two – waiver and unconscionability.

### D. JB&R Did Not Waive Its Right to Arbitrate

Hodson argues that JB&R waived its right to invoke the arbitration clause in the cardholder agreement by filing collections suits in Cleveland Municipal Court. (Doc. 7.) The standard for waiver by litigation conduct is high. *See O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 355-56 (6th Cir. 2003). A party may waive its right to arbitrate if its conduct is completely inconsistent with an intent to arbitrate the dispute and the inconsistent conduct actually prejudices the party opposing arbitration. *See id.* at 356. Under the circumstances of this case, JB&R's conduct – *i.e.*, filing collection actions in municipal court on behalf of Capital One -- does not satisfy this standard. *See Fields v. Howe*, 2002 WL 418011, at *7-*8 (S.D. Ind. Mar. 14 2002) (holding that a lawyer who files a collections lawsuit in state court has not waived his right to arbitrate a FDCPA claim subsequently brought by the cardholder in federal court).

5

**E.     The Arbitration Clause is Not Unconscionable**

Hodson's primary argument in opposition to the motion to compel arbitration is that the arbitration clause is unconscionable. Under the circumstances of this case, the arbitration clause is not unconscionable under applicable law.[3] *See, e.g., Howie v. Atlantic Home Inspection, Inc.*, 62 Va. Cir. 164, 2003 WL 23162330, at p. *4-*6 (Va. Cir. Ct. 2003); *Bramaw v. Toll VA, LP*, 67 Va. Cir. 56, 2005 WL 1444527, at p. *4 (Va. Cir. Ct. 2005).

Arbitration clauses are subject to common law contract defenses, including unconscionability. *See Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996). An unconscionable contract is generally characterized by bargaining unfairness and oppressive terms. *See Bramaw*, 67 Va. Cir. 56, 2005 WL 1444527 at *4. The arbitration clause at issue here is conspicuous in the cardholder agreement – it is identified in all capital letters in the agreement itself, and set apart on a separate page clearly labeled "ARBITRATION AGREEMENT" in large, capital letters. Although it is a standard provision in the form contract Capital One offers to consumers, there is nothing deceptive about the presentation or the terms. Furthermore, the clause is not one-sided; *either* party may elect to require the dispute to be resolved by binding arbitration. With this in mind, it is worth reiterating the Supreme Court's view that Hodson did not forfeit a right when he agreed to arbitrate disputes related to the cardholder agreement, but simply agreed to resolve the dispute in an arbitral rather than judicial forum. *See Soler Chrysler-Plymouth, Inc.*, 473 U.S. at 628. The defense of unconscionability is therefore inapplicable here.

Under the language of the arbitration clause contained in the cardholder agreement at issue,

---

[3]     Although the parties' briefs cite Ohio case law in their discussion of unconscionability, the cardholder agreement contains a choice of law provision stating that the contract is governed by the state law of Virginia, as well as applicable federal law. *See* Doc. 4-2, Exhibit A at p. 26.

6

and under the particular circumstances of this case, arbitration of the claims at issue is required.

### III. CONCLUSION

Accordingly, JB&R's motion to stay proceedings and compel arbitration is **GRANTED**. Hodson's claims are hereby referred to binding arbitration according to the terms of the cardholder agreement.  Pursuant to 9 U.S.C. § 3, this case is hereby **STAYED** until such arbitration has occurred.

**IT IS SO ORDERED.**

|  |  |
|---|---|
|  | s/Kathleen M. O'Malley |
|  | **KATHLEEN McDONALD O'MALLEY** |
| **Dated:  January 18, 2008** | **UNITED STATES DISTRICT JUDGE** |